IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK MOSIER,  PLAINTIFF
ADC #658749

v.                                4:22CV00999-JTK

MARK GOBER, et al.  DEFENDANTS

### ORDER

On June 15, 2023, Defendants Mark Gober and Susan Potts (collectively, "Defendants") filed a Motion for Summary Judgment on the merits of Plaintiff's claims, together with a Brief in Support and Statement of Undisputed Facts. (Doc. Nos. 36-38).

On June 20, 2023, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days. (Doc. No. 39). The Court advised Plaintiff that he must file a separate Statement of Disputed Facts that lists any disagreement Plaintiff has with the specifically numbered factual assertions contained in Defendants' Statement of Undisputed Facts, and any other disputed facts he believes must resolved at a hearing or trial. (Id. at 1-2).

Plaintiff filed his Response on June 29, 2023. (Doc. No. 40).

For the reasons set out below, Defendants' Motion (Doc. No. 36) is GRANTED.[1] Plaintiff's claims against Defendants are DISMISSED with prejudice, and Plaintiff's embedded Motion to Appoint Counsel (Doc. No. 40) is DENIED as moot.

### I.    Plaintiff's Complaint

Plaintiff filed his Complaint on October 13, 2022; he sued Defendants in their personal and official capacities. (Doc. No. 2). Plaintiff was booked into the Drew Count Detention Center

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment. (Doc. No. 11).

("Detention Center") on August 9, 2022. (Id. at 4). From that day, Plaintiff had requested to go to the doctor and to the dentist. (Id.). When Plaintiff asked Defendant Potts about seeing the doctor, Defendant Potts responded that "they do not have any transport to take anyone to the doctor." (Id.). On October 1, 2022, Plaintiff almost had a stroke. (Id.). His blood pressure that day was 202/189. (Id.). Plaintiff was taken to the hospital on October 2, 2022, and on went back to the hospital on October 4, 2022. (Doc. No. 2 at 4). As of October 6, 2022, Defendant Potts had not scheduled a doctor's appointment for Plaintiff. (Id. at 5). On October 7, 2022, Plaintiff went to the doctor, but the C.O. on duty from 6:00 to 6:00 would not give Plaintiff his medication—800 mgs IBP—or check Plaintiff's blood pressure. (Id.). Defendant Potts denied Plaintiff his Atorvastatin from August 9, 2022 until October 11, 2022. (Id. at 6). Plaintiff seeks damages, among other relief. (Id. at 7).

## II.     Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

### III.    Facts and Analysis

Plaintiff alleged deliberate indifference to his serious medical needs.

**A.    Personal Capacity Claims—Deliberate Indifference to Serious Medical Needs**

Plaintiff indicated that at the time of the events giving rise to this lawsuit, he was serving a sentence as a result of a judgment of conviction.  (Doc. No. 2 at 3).  Because Plaintiff is a convicted prisoner, his claims fall under the Eighth Amendment.

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. CONST. AMEND. VIII.  This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted).  "Deliberate indifference may be

demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

### 1. Defendants' Statement of Undisputed Material Facts

Plaintiff was incarcerated at the Detention Center from August 9, 2022 through November 29, 2022. (Doc. No. 38 at ¶ 2; Doc. No. 36-1 at 4). Upon booking, Plaintiff informed Detention Center staff that he was taking a prescription medication for high blood pressure, Losartan. (Doc. No. 36-1 at ¶ 3; Doc. No. 36-1 at 8). Because Plaintiff did not have the medication with him when he was booked into the Detention Center, Defendant Potts directed Detention Center staff to contact Plaintiff's wife to provide the medication for Detention Center staff to give to Plaintiff. (Doc. No. 38 at ¶ 4; Doc. No. 36-1 at ¶ 5). On August 26, 2022, Plaintiff's wife delivered the medicine to the Detention Center, and staff began giving the medication to Plaintiff that same day, and did so every day Plaintiff was in the Detention Center. (Doc. No. 38 at ¶¶ 5, 6; Doc. No. 36-1 at ¶¶6, 7; Doc. No. 36-1 at 10-17).

Plaintiff never told Defendants or any Detention Center staff that he needed to go to the doctor. (Doc. No. 38 at ¶ 7). Plaintiff never filed any grievances or requests until after the "stroke" incident Plaintiff mentioned in his Complaint. (Doc. No. 38 at ¶ 7; Doc. No. 36-1 at 24). When Plaintiff complained about chest pain on October 1, 2022, Detention Center staff transported Plaintiff to the hospital. (Doc. No. 38 at ¶ 8; Doc. No. 36-1 at 18-19). Hospital staff took scans and discharged Plaintiff back to the Detention Center, as they did not consider

Plaintiff's condition to be life threatening. (Doc. No. 38 at ¶ 8; Doc. No. 36-1 at 20-23). The next day, Plaintiff returned to the hospital for the results of his scan; he was diagnosed with hypertension, atypical chest pain, and headache. (Doc. No. 38 at ¶ 9; Doc. No. 36-1 at 25-32). Hospital staff discharged Plaintiff to the Detention Center with the instructions to go on a low salt diet with no caffeine. (Doc. No. 38 at ¶ 10; Doc. No. 36-1 at 26). Jail staff took Plaintiff for a follow-up appointment on at the hospital on October 4, 2022. (Doc. No. 38 at ¶ 11; Doc. No. 36-1 at 33). Upon discharge Plaintiff was instructed to return to a normal diet and normal activity, and to have a follow-up appointment with his primary care physician to consider adjusting his blood pressure medication. (Doc. No. 36-1 at 33).

Plaintiff was transferred from the Detention Center to the Arkansas Division of Correction on November 29, 2022. (Doc. No. 38 at ¶ 13; Doc. No. 36-1 at 40-44).

### 2. Plaintiff's Response

Despite specific instructions from the Court, Plaintiff did not file a Statement of Disputed Facts that lists any disagreement Plaintiff has with the specifically numbered factual assertions contained in Defendants' Statement of Undisputed Facts and any other disputed facts he believes must resolved at a hearing or trial. As the Court explained, this Statement of Disputed Facts is required by Local Rule 56.1. See also FED. R. CIV. P. 56(e) (explaining consequences for failing to properly address another party's assertion of fact). Because Plaintiff has not contested any fact submitted by Defendants, all facts in Defendant's Statement of Undisputed Material Facts are deemed admitted.

Defendants submitted Plaintiff's medical records along with their Motion, including Plaintiff's records from Drew Memorial Hospital. Plaintiff does not contest the accuracy of the medical records. Rather, he maintains that there was no medical staff at the Detention Center and that he did not go to see a doctor until October 8 or 9 despite almost having a stroke on October

1, 2, and 4.  (Doc. No. 40 at 1).  The hospital records submitted do not support Plaintiff's assertion that he was not seen by a doctor until October 8 or 9.  (Doc. No. 36-1 at 20-23, 25-32, and 33-39).  Further, Detention Center records reveal that Plaintiff was receiving his blood pressure medication regularly.  (Id. at 13-15).  Plaintiff did not contest these records, either.  And there is nothing in the record that reflects that Plaintiff ever informed Defendants of his need to see a dentist.

Where, as here, Defendants have moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'"  Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).  Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor.  Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).  Instead, the evidence shows that Plaintiff was taken to the hospital on the same day he complained of chest pain, taken back the following day to learn the results of his scan, taken for a follow-up appointment several days later, and given his blood pressure medication regularly.  All things considered, no reasonable jury could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs.  Even if there was a violation under these circumstances, Defendants' are entitled to qualified immunity because there is no clearly established law pursuant to which their actions could be deemed unlawful.

      B.    **Official Capacity Claims**

Plaintiff sued Defendants in their official and personal capacities.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing

governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's claims against Defendants are the equivalent of claims against Drew County.

To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

Here, Plaintiff has not established personal liability. With no showing of wrongdoing, Plaintiff's official-capacity claims also fail. Accordingly, Defendants' Motion will be granted.

**IV.** **Conclusion**

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 36) is GRANTED;

2. Plaintiff's Complaint (Doc. No. 2) is DISMISSED with prejudice.

3. Plaintiff's embedded Motion to Appoint Counsel (Doc. No. 40) is DENIED as moot.

4. The Court certifies that an in forma pauperis appeal of this Order and the accompanying Judgment would not be taken in good faith.

Dated this 6th day of July, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE